UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
(Western Division)

---------------------------------------------------------
ALICE HIGGINS,

        Plaintiff,

    -against-                      **NOTICE OF REMOVAL**

ALLY FINANCIAL INC.,

        Defendant.
---------------------------------------------------------

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT DEFENDANT ALLY FINANCIAL INC., ("Ally") hereby removes this case from the Circuit Court of Jackson County, Missouri at Kansas City, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

As set forth below, this case is removed properly to this Court, because Ally has complied with the statutory requirements for removal under 28 U.S.C. §§ 1331, 1441 and 1446.

### I.    Background

1.    On April 24, 2018, Plaintiff Alice Higgins ("Plaintiff") filed a Complaint against Defendant Ally in the Circuit Court of Jackson County, Missouri at Kansas City (the "Action").

2.    Plaintiff purports to allege claims against Ally for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Missouri Merchandising Practices Act § 407.010, *et seq.* RSMo. ("MMPA").

3.    Plaintiff alleges that Ally violated the TCPA by placing calls with an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular phone without her consent. (Compl. ¶¶ 33, 35.) Plaintiff also alleges these calls without her consent, violated the MMPA. (Compl. ¶ 51(e).)

4. Based on the alleged claims, Plaintiff seeks: (1) actual damages; (2) statutory damages; (3) punitive damages; (4) reasonable attorneys' fees; and (5) equitable relief.

5. This Action is removed to federal court pursuant to 28 U.S.C. § 1441 because the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## II. Compliance With Statutory Requirements

6. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **EXHIBIT A**.

7. Upon information and belief, no other process, pleadings, or orders, excluding the Complaint, has been served upon Ally in this Action.

8. Ally is also concurrently filing a Notice of Filing Notice of Removal in the Action and is servicing same on all adverse parties. A true and correct copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as **EXHIBIT B**.

9. Ally received the Complaint on April 30, 2018. Ally's removal is timely, because it is within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

10. Plaintiff filed this Action in the Circuit Court of Jackson County, Missouri at Kansas City, which is located within the Western District of Missouri. Therefore, this Action may be removed to this Court, because it is the "district and division embracing the place where [the Action is] pending." *See* 28 U.S.C. § 1441(a).

11. In accordance with 28 U.S.C. § 1446(d), a copy of Ally's Notice of Filing Notice of Removal is being filed contemporaneously with the Circuit Court of Jackson County, Missouri at Kansas City.

12. In accordance with 28 U.S.C. § 1446(d), Ally is also contemporaneously serving this Notice of Removal on all adverse parties.

### III.     Jurisdiction

13. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a).

14. 28 U.S.C. § 1331 grants federal question jurisdiction to federal courts—stating "[federal] district courts shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States."

15. Federal question jurisdiction exists over this action because the TCPA claims asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff alleges claims under, and requires a ruling on, the TCPA.

16. 28 U.S.C. § 1331 grants supplemental jurisdiction to federal courts—stating "in any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

17. Supplemental jurisdiction exists over the MMPA claims asserted by Plaintiff in the Complaint because these claims are related to the TCPA claims in that they arise from the same common nucleus of operative fact, thus forming part of the same case or controversy under Article III of the United States Constitution.

### IV. Reservation of Rights

18. Ally denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

19. Further, in making the allegations in this Notice of Removal, Ally does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

20. Ally also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of this Action, Ally expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Ally hereby removes this Action from the Circuit Court of Jackson County, Missouri at Kansas City to the United States District Court for the Western District of Missouri and requests such other and further relief as the Court deems appropriate and just.

Dated: May 29, 2018

Respectfully submitted:

By: */s/ Nelson L. Mitten*
     Nelson L. Mitten

Nelson L. Mitten
Riezman Berger
7700 Bonhomme Avenue, 7th Floor
St. Louis (Clayton), Missouri 63105
Phone: (314) 727-0101
Facsimile: (314) 727-6458
Email: mitten@riezmanberger.com

*Counsel for Ally Financial Inc.*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of May 2018, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants. Additionally, one copy was sent to Counsel for Plaintiff via U.S. Mail at the following address:

**Counsel for Plaintiff:**
Bryce B. Bell
Mark W. Schmitz
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
806-886-8206
bryce@belllawkc.com
ms@belllawkc.com

Executed on May 30, 2018

*/s/ Nelson L. Mitten*
Nelson L. Mitten

# EXHIBIT A

# EXHIBIT B